# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

SECOND AMENDED      **CHAPTER 13 PLAN COVER SHEET**

Filing Date: 12/29/2011                    Docket #: 11-44018

Debtor: James White                         Co-Debtor: Analisa White

SS#: XXX-XX-6743                            SS#: XXX-XX-6291

Address: 124 Plain Road                     Address: 124 Plain Road

Westford, MA 01886                          Westford, MA 01886


Debtor's Counsel: Attorney James Grew

Address: 999 Broadway, Suite 301

Saugus, MA 01906


Telephone #: (781) 520-1758                 Facsimile #:


ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

Docket No.: 11-44018

DEBTOR(S):

(H) James White        SS#: XXX-XX-6743

(W) Analisa White      SS#: XXX-XX-6291


I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ 279.00 for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☒ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

Debtor's review of their monthly budget show that they require a longer period to make payments on their plan.
_____
_____; or

☐ ____ Months. The Debtor states as reasons therefore: _____
_____
_____

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim<br>(pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| PNC Mortgage | pre-petition arrears | $ 12,978.47 |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of secured claims to be paid through the Plan:      $ 12,978.47

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| PNC Mortgage | current payments on First mortgage |
| PNC Mortgage | current payments on second mortgage |
| _____ | _____ |

C. Modification of Secured Claims:

| Creditor | Details of Modification<br>(Additional Details May Be Attached) | Amt. of Claim to Be<br>Paid Through Plan |
|---|---|---|
| None | _____ | _____ |
| _____ | _____ | _____ |

XXXXX
154

D. Leases:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of

   __None_____; or

   ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of

   __None_____.

   iii. The arrears under the lease to be paid under the plan are __None_____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |
| | | $ |

Total of Priority Claims to Be Paid Through the Plan:                    $_____

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan):   $ 1,450.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of .012 % of their claims.

A. General unsecured claims   $ 25,484.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Dept of Ed | Student loan (sch F) | $ 29,000.00 |
| | | $ |
| | | $ |

Total of Unsecured Claims (A + B + C):  $ 54,484.00

D. Multiply total by percentage:  $ 637.53

(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

Total amount of separately classified claims payable at _____%:  $

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan: None

_____.

X̶1̶5̶X̶X
   157

B. Miscellaneous Provisions:

_____

VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---|
| a) | Secured claims (Section I-A Total): | $ 12,978.47 |
| b) | Priority claims (Section II-A & B Total): | $ 0 |
| c) | Administrative claims (Section III-A&B Total): | $ 1,450.00 |
| d) | Regular unsecured claims (Section IV-D Total): + | $ 637.53 |
| e) | Separately classified unsecured claims: | $ 0 |
| f) | Total of a + b + c + d + e above:    = | $ 15,066.00 |
| g) | Divide (f) by .90 for total including Trustee's fee: | |
| | Cost of Plan    = | $ 16,740.00 |

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, __60__ months

i) Round up to nearest dollar for Monthly Plan Payment:    $ 279.00

(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

158X

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 124 Plain Road Westford MA | $ 222,500.00 | $ 224,000.00 |
| | $ | $ |
| | $ | $ |

Total Net Equity for Real Property:  $ 0.0

Less Total Exemptions (Schedule C):  $

Available Chapter 7:  $ 0.0


B. Automobile (Describe year, make, model):

1998 Toyota camery    Value $ 1775.00  Lien $ 0    Exemption $ 1,775.00

2006 Toyota camery    Value $ 7425.00  Lien $ 0    Exemption $ 7,425.00

Total Net Equity:  $ 9,200.00

Less Total Exemptions (Schedule C)  $ 9,200.00

Available Chapter 7:  $ 0.0


C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

_____

_____.

Total Net Value:                                     $ 10,210.00

Less Exemptions (Schedule C):                        $ 10,210.00

Available Chapter 7:                                 $ 0.0

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 0.0

E.  Additional Comments regarding Liquidation Analysis:

_____

_____

IX.  SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

 /s/ James T. Grew                            12/29/2011
Debtor's Attorney                             Date

Attorney's Address:  999 Broadway suite 301, Saugus, MA 01906

Tel. # ( 781 ) 520 - 1758

Email Address:  grewlaw@comcast.net

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

---

/s/ James White                                    12/29/2011
Debtor                                             Date

/s/ Analisa White                                  12/29/2011
Debtor                                             Date